B27 (Official Form27) (12/09)

# United States Bankruptcy Court
_____Western_____ District Of _____Missouri_____

In re ___Belinda Jean O'Dell___,
    Debtor

Case No. __11-60489__
Chapter _7_

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1.  Creditor's Name: __Mercantile Bank__

2.  Amount of the debt subject to this reaffirmation agreement:
    $ _5045.92_ on the date of bankruptcy    $_5045.92_ to be paid under reaffirmation agreement

3.  Annual percentage rate of interest:  _8.25_ % prior to bankruptcy
    _8.25_ % under reaffirmation agreement ( _X_ Fixed Rate ____ Adjustable Rate)

4.  Repayment terms (if fixed rate): $__247.81__ per month for __21__ months

5.  Collateral, if any, securing the debt: Current market value: $_____
    Description: __2006 Jeep Liberty, VIN #1J4GL48K86W110555__

6.  Does the creditor assert that the debt is nondischargeable? ___Yes _X_ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement |
|---|---|
| 7A. Total monthly income from Schedule I, line 16  $ 1280.36 | 7B. Monthly income from all sources after payroll deductions  $ 1280.36 |
| 8A. Total monthly expenses from Schedule J, line 18  $ 1278.81 | 8B. Monthly expenses  $ 1278.81 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J  $ 0 | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses  $ 0 |
|  | 10B. Net monthly income  $ 1.55 (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

B27 (Official Form27) (12/09)                                                                    Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):

_____

_____

12. Explain with specificity any difference between the expense amounts (8A and 8B):

_____

_____

     If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.


_____         _____
Signature of Debtor (only required if       Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                        required if line 11 or 12 is completed)

Other Information

☐   Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
    ☒ Yes         ☐ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
    ☒ Yes         ☐ No


## FILER'S CERTIFICATION

     I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

                                              _____
                                              Signature
                                              Andrew K. Cashman,
                                              Attorney for the Creditor
                                              Print/Type Name & Signer's Relation to Case

B 240 - Reaffirmation Agreement

Check one.
☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
(Check box as directed in Part D. Debtor's Statement in Support of Reaffirmation Agreement)

# United States Bankruptcy Court
## Western District of Missouri

In re Belinda Jean O'Dell, aka Belinda Jean Uder,
Debtor(s)

Case No. 11-60489
Chapter 7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval
☐ Proposed Order Approving Reaffirmation Agreement

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

**PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR**

1. **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

a. The amount of debt you have agreed to reaffirm:   $ 5,045.92

b. All fees and costs accrued as of the date of this disclosure statement, related to the amount of debt shown in a., above:   $ _____

c. The total amount you have agreed to reaffirm (Debt and fees and costs) (Add lines a. and b.):   $ 5,045.92

*Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**Creditor: Mercantile Bank, Quincy, Illinois**

Page 2

## ANNUAL PERCENTAGE RATE

If at the time the debtor's bankruptcy petition is filed, the debt is an extension of credit under an "open end credit plan," as the terms "credit" and "open end credit plan" are defined in section 103 of the Truth in Lending Act, complete (a) below. If the debt is an extension of credit other than under an open end credit plan, as the terms "credit" and "open end credit plan" are defined in section 103 of the Truth in Lending Act, complete (b) below.

☐ (a) <u>Line of Credit</u>. The Annual Percentage Rate determined under paragraphs (5) and (6) of section 127(b) of the Truth in Lending Act, as applicable, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below, or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%. The interest rate on your loan may be a variable interest rate which changes from time to time, so the annual percentage rate disclosed above may be higher or lower in the future. Consult your credit agreement and/or the most recent disclosure provided to you under the Truth in Lending Act to determine if your interest rate is variable.

☑ (b) <u>Mortgage or Consumer Loan</u>. The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt, or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: __8.250__%. The interest rate on your loan may be a variable interest rate which changes from time to time, so the annual percentage rate disclosed above may be higher or lower in the future. Consult your credit agreement and/or the most recent disclosure provided to you under the Truth in Lending Act to determine if your interest rate is variable.

### Security Interest

The following items or types of items remain subject to a security interest or lien in connection with the debt(s) being reaffirmed in the Reaffirmation Agreement described in Part B:

| Item or Type of Item | Original Amount of Loan |
|---|---|
| 2006 Jeep Liberty<br>VIN #1J4GL48K86W110555 | $12,150.00 |

### Repayment Schedule:

Your first payment in the amount of $ __247.81__ is due on __April 23, 2011__ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

**Creditor: Mercantile Bank, Quincy, Illinois**

Page 3

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1.  Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2.  Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3.  If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4.  If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5.  The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6.  <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7.  If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**Creditor: Mercantile Bank, Quincy, Illinois**

Page 4

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT**

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

If you rescind (cancel) your reaffirmation agreement, you will be liable for any payments required by the reaffirmation agreement prior to rescission. In addition, if you rescind the reaffirmation agreement, you will be required to immediately turn over the collateral described above under "Security Interest" to the creditor.

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**Creditor: Mercantile Bank, Quincy, Illinois**

Page 5

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

Retail Installment Contract dated January 24, 2008 between Gem City Ford Lincoln Mercury and Belinda J. Uder, and later assigned to Creditor, Mercantile Trust & Savings Bank, n/k/a Mercantile Bank (copy attached hereto and made apart hereof).

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

None

SIGNATURE(S):

Borrower:
    Belinda Jean O'Dell, aka
    Belinda Jean Uder
(Print Name)

X _Belinda J. O'Dell_
(Signature)

Date: X 5/10/11

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date: _____

Accepted by creditor:
Mercantile Bank
By: Deidra Dunker, its Assistant Vice President Consumer Lending
(Print Name)

X _Deidra C Dunker_
(Signature)

Date of creditor acceptance X 5-17-11

Mercantile Bank
200 North 33rd Street
P. O. Box 3455
Quincy, IL 62306-0371

**Creditor: Mercantile Bank, Quincy, Illinois**

Page 6

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[Check each applicable box.]*

☑ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[If applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: __Shari K. DeArmon__

Signature of Debtor's Attorney: _[signature]_

Date: 5-12-11

**Creditor: Mercantile Bank, Quincy, Illinois**

Page 7

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

    1.    I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 1280.36, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 1031, leaving $ 249.36 to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

_____
_____
_____.

    2.    I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: X_/s/ Belinda Jean O'Dell_____
    (Debtor)    **Belinda Jean O'Dell aka**
                  **Belinda Jean Uder**

_____
    (Joint Debtor, if any)

Date: X 5/10/11

**Creditor: Mercantile Bank, Quincy, Illinois**